{¶ 1} Appellant, Elijah Doublin ("Doublin"), appeals the judgment of the Cuyahoga County Court of Common Pleas that convicted him of domestic violence in violation of R.C. 2919.25. For the reasons stated herein, we affirm.
 {¶ 2} On August 31, 2006, Doublin was indicted on one count of aggravated burglary in violation of R.C. 2911.11, and one count of domestic violence in violation of R.C. 2919.25. Doublin entered a plea of not guilty to the charges.
 {¶ 3} On December 11, 2006, Doublin was referred to the court psychiatric clinic in accordance with the provisions of R.C. 2945.371 in order to determine his competence to stand trial, sanity to stand trial, and eligibility for transfer to the mental health court. Thereafter, the trial court accepted the findings of competency and sanity made by the court's psychiatric clinic.
 {¶ 4} Doublin executed a waiver of his jury trial rights, and the case proceeded to a bench trial on March 13, 2007. Relative to the domestic violence conviction, the following testimony was adduced at trial.
 {¶ 5} Terri Doublin ("Terri"), Doublin's mother, testified that on June 19, 2006, she was residing at 13206 Durkee Avenue in Cleveland. Doublin was not residing at the same address. On said date, Terri told Doublin that he could not stay at the house. In response, Doublin called his grandmother, the homeowner, who was residing in a nursing home at the time. Terri testified that she "vaguely remember[s] him telling her that he would do bodily harm to me" and that she left the *Page 4 
home and went to a friend's house. Terri stated that when she went back, Doublin was no longer inside the house.
 {¶ 6} Terri testified that when Doublin returned to the house, she locked the doors and called the police. She stated that she did not want Doublin in the home because he was getting angry. Her mother called, and she put the phone through a window to Doublin. The grandmother asked Terri to let Doublin stay, but Terri told her no, that she did not want him there, and that she had called the police.
 {¶ 7} Terri indicated that Doublin managed to enter the home by lifting a screen to an open window. She further testified that Doublin knocked the phone cord out, told her that the next time she called the police on him he would kill her, and commenced to hit her with the phone in the "facial area." Terri stated that Doublin then ran out the front door and she again called the police.
 {¶ 8} Terri claimed she suffered a black eye and a swollen jaw. She did not receive any medical assistance for her injuries. She stated she used an ace bandage and took a couple of aspirins.
 {¶ 9} Doublin testified that he and his mother had a troublesome relationship through the years. On the date of the incident, he confronted Terri about calling the mother of his child behind his back. He informed Terri that he did not want her to be around his child. After Terri left and went to her friend's house, Doublin left the house. Doublin stated that he called his grandmother to ask if he could spend the night at the house. He testified that he returned to the house and Terri let him in the *Page 5 
front door. He further indicated that he asked his mother if she had called the police and when she said that she had, he left the house.
 {¶ 10} Officer Stephanie Maye of the Cleveland Police Department testified that she responded to the residence that evening. She noticed that the window was in place and pushed down, and the area was cleaned up. She observed that the right side of Terri's temple area was swollen. Officer Maye stated that Terri told her she was struck by Doublin with a closed fist.
 {¶ 11} During the course of proceedings, the trial court denied Doublin's Crim.R. 29 motion for acquittal. At the conclusion of trial, the trial court found Doublin not guilty of aggravated burglary, but guilty of domestic violence in violation of R.C. 2919.25, a misdemeanor of the first degree. The trial court imposed a sentence of 120 days in county jail, with credit for time served.
 {¶ 12} Doublin timely filed this appeal, raising three assignments of error for our review. His first and second assignments of error provide the following:
 {¶ 13} "I: The evidence was insufficient to sustain a finding of guilt as to domestic violence."
 {¶ 14} "II: The verdict was against the manifest weight of the evidence."
 {¶ 15} Doublin challenges his conviction for domestic violence as being against the sufficiency and manifest weight of the evidence. R.C.2919.25, the domestic violence statute, provides in relevant part: "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member." *Page 6 
 {¶ 16} When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 17} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard, 104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 18} Doublin argues that the record displays contradictions, contains a lack of corroboration, and reveals a motive for the complainant to lie. He states that Terri testified that Doublin climbed through a window and assaulted her on the face with a telephone. However, the police officer testified that she noticed the area seemed cleaned up and that she was told by Terri that Doublin struck her with his fist. Terri also testified that she received a black eye and swollen jaw, but the police officer observed swelling to the right side of Terri's temple area. Doublin also points to the *Page 7 
lack of medical evidence and photos or other corroborating testimony. He further argues that Terri had animosity towards him.
 {¶ 19} The state counters that the testimony established that Terri and her son were arguing, and that Doublin struck his mother after she had called the police on him. The state further states that both Terri's testimony and the officer's testimony established that Terri suffered physical harm as a result of being struck by her son.
 {¶ 20} Although we recognize that there were some inconsistencies in the testimony, the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witnesses' credibility. Our review of the record reflects that both Terri and Doublin testified that they argued, that the police were called, and that Doublin left. Terri's testimony that she was struck in the facial area and sustained a resulting injury was consistent with the officer's observation of swelling to Terri's temple area.
 {¶ 21} Viewing the evidence in a light most favorable to the state, we find that sufficient evidence was presented upon which any rational trier of fact could find beyond a reasonable doubt that Doublin committed the domestic violence offense. Furthermore, after examining the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we cannot say that the court clearly lost its way and created a manifest miscarriage of justice. Accordingly, Doublin's first and second assignments of error are overruled.
 {¶ 22} Doublin's third assignment of error provides as follows: *Page 8 
 {¶ 23} "III: Defendant's ineffective assistance of counsel denied him a fair trial."
 {¶ 24} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144. Judicial scrutiny of defense counsel's performance must be highly deferential. Strickland, 466 U.S. at 689. In Ohio, there is a presumption that a properly licensed attorney is competent.State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102.
 {¶ 25} Doublin argues that his trial counsel failed to object to testimony that served to prejudice the trier of fact against him. Specifically, he claims his counsel failed to object to testimony by Terri that Doublin had problems as a juvenile and had to be removed from the home. He also argues that counsel failed to object to Terri's statement that Doublin had "attacked me before."
 {¶ 26} This court has previously recognized that "in a bench trial, the court is presumed to have considered only relevant, material and competent evidence where, * * * the appellant fails to affirmatively demonstrate otherwise." State v. Bey (Feb. 7, 1991), Cuyahoga App. No. 57973, citing State v. Post (1987), 32 Ohio St.3d 380, 384; State v.Binford, Cuyahoga App. No. 81723, 2003-Ohio-3021. Also, as the *Page 9 
state points out, Doublin acknowledged in his testimony that he had problems with his mother.
 {¶ 27} We have already determined that upon the testimony presented by the witnesses at trial, there was sufficient evidence for the court to convict Doublin of the domestic violence charge. We further find that Doublin has failed to show that, but for the claimed deficiencies in counsel's performance, the result of the trial would have been different. Doublin's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE
 ANTHONY O. CALABRESE, JR., J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1